■ PATRICK STACK, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 64626.) (Appeal No. 1.)—Judgment unanimously affirmed without costs. Memorandum: In our view, the State had no duty to install a three-color traffic light at the intersection of Girdle/Schwartz Road and Clinton Street, in the Town of Elma, Erie County, the site of a fatal motorcycle/automobile accident that occurred on July 15, 1980. An engineering study conducted by the New York State Transportation Department (DOT) in November 1979 contained recommendations to improve signing at the intersection by installing dual "Stop Ahead" signs, oversized dual stop signs and printed "Stop Bars". The dual oversized stop signs were installed on January 23, 1980. The Commissioner's subsequent order that directed that a three-color traffic light be installed at the intersection was not predicated upon a superseding engineering study or upon a determination that the recommended sign enhancement was inadequate or was without reasonable support. It is well established that "when a municipality studies a dangerous condition and determines as part of a reasonable plan of governmental services that certain steps need not be taken, that decision may not form the basis of liability" *(Friedman v State of New York,* 67 NY2d 271, 286; *see also, Alexander v Eldred,* 63 NY2d 460; *Weiss v Fote,* 7 NY2d 579, *rearg denied* 8 NY2d 934). Thus, in the circumstances of this case, the State has qualified immunity from liability arising out of a reasoned highway planning decision *(see, Friedman v State of New York, supra,* at 283; *see, Weiss v Fote, supra,* at 585-586). Moreover, under the circumstances of this case, we conclude that any delay in the installation of the traffic light was not unreasonable *(cf., Friedman v State of New York, supra).* (Appeal from judgment of Court of Claims,

NeMoyer, J.—negligence.) Present—Callahan, J. P., Boomer, Green, Lawton and Davis, JJ.