NeMoyer, J.—negligence.) Present—Callahan, J. P., Boomer, Green, Lawton and Davis, JJ.

■ JOY TOMASKI, as Administratrix of the Estate of DAVID TOMASKI, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 64660.) (Appeal No. 2.)—Judgment unanimously affirmed without costs. Same memorandum as *Stack v State of New York* ([appeal No. 1] 148 AD2d 991 [decided herewith]). (Appeal from judgment of Court of Claims, NeMoyer, J.—negligence.) Present—Callahan, J. P., Boomer, Green, Lawton and Davis, JJ.

■ JOSEPH A. BOYLIN, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 65094.) (Appeal No. 3.)—Judgment unanimously affirmed without costs. Same memorandum as *Stack v State of New York* ([appeal No. 1] 148 AD2d 991 [decided herewith]). (Appeal from judgment of Court of Claims, NeMoyer, J.—negligence.) Present—Callahan, J. P., Boomer, Green, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT MARCUS, Appellant.—Judgment unanimously affirmed. Memorandum: We find no merit to defendant's claim that certain equivocal remarks, made by Justice Kennedy at the conclusion of a pretrial suppression hearing conducted over a month prior to entry of defendant's guilty plea, were coercive and rendered his subsequent guilty plea before Judge Celli involuntary as a matter of law. At the plea proceedings, defendant, who was represented by counsel, stated on the record that he had discussed the proposed plea agreement with his attorney, gave a factual basis for his plea, and advised the court that his plea was made voluntarily and without any coercion or threat. (Appeal from judgment of Monroe County Court, Celli, J.—burglary, first degree.) Present—Dillon, P. J., Callahan, Doerr, Pine and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAWFORD GARY, Appellant.—Judgment unanimously affirmed. Memorandum: We have reviewed the record and we conclude that the verdict is supported by legally sufficient evidence on each and every element of burglary, first degree. Considering that defendant entered a private home through a window in the middle of the night wielding a knife and injured two of the occupants, the court did not abuse its discretion when it sentenced defendant to serve 3 to 9 years, despite the fact that this was defendant's first felony conviction. (Appeal from judgment of Oneida County Court, Gilbert,